NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES CASTON,<br><br>                Plaintiff,<br><br>      v.<br><br>U.S. FEDERAL COMMUNICATION COMMISSION,<br><br>                Defendant. | Case Number C 06-4915 JF (HRL)<br><br>ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: doc. nos. 2 & 3] |

**APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Charles Caston ("Plaintiff")[1], proceeding *pro se*, commenced this action by filing a one-page document entitled "ORIGINAL PETITION" on August 14, 2006. This document, which the Court construes as a civil complaint, alleges that Defendants – the United States Federal Communication Commission and "S.A.I.A." – violated Plaintiff's rights under the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution, requests a jury trial and damages, and requests leave to proceed on behalf of a class. The complaint does not,

---

[1] The Court has received several similar filings by a "Charles Muhammad" at the same address as Plaintiff Charles Caston.

however, allege *any* facts in support of these allegations.[2]

In conjunction with filing the complaint in this action, Plaintiff filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Moreover, if the Court makes a determination that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

As presently drafted, the complaint appears to be without merit in that it fails to set forth a cognizable claim. While the petition states in conclusory fashion that Defendants violated Plaintiffs rights under various provisions of the United States Constitution, the complaint fails to explain how Plaintiff was injured or who injured him.

Accordingly, Plaintiff's request to proceed *in forma pauperis* will be denied and the complaint will be dismissed with leave to amend. If Plaintiff wishes to amend his complaint, he must do so on or before October 20, 2006. Plaintiff may, at that time, make a renewed application to proceed *in forma pauperis*.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

In conjunction with his complaint and application to proceed *in forma pauperis*, Plaintiff also filed a form "Request for Order (Domestic Violence Prevention)." This application states that Plaintiff is seeking protection from the Federal Communication Commission et al. on behalf of himself and his cousin, Ed Kelley, age fifty-eight. Plaintiff states that he wants "prison time for the Director of the Federal Communication Commission." He also states that he wishes to seize "the S.A.I.A. company to help the homeless" because broadband technology is being used

---

[2] Plaintiff filed a similar complaint against other federal agencies on August 15, 2006. That complaint is addressed in a separate order.

2

to control the toilets in San Jose. Plaintiff does not indicate that he gave any notice of his application to Defendants.

The standard for issuing a temporary restraining order "(TRO)" is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402. A showing of likely success on the merits gives rise to a presumption of irreparable harm in copyright and trademark cases. *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995); *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th Cir. 1993).

A TRO may be granted without notice to the adverse party *only if* "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b).

Given the lack of factual specificity in Plaintiff's complaint and his lack of explanation for failing to give notice to Defendants, the Court will deny the application for TRO.

**ORDER**

(1) Plaintiff's application for leave to proceed *in forma pauperis* is DENIED as set forth above;

(2) Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; any amended complaint shall be filed on or before October 20, 2006; and

(2) Plaintiff's application for temporary restraining order is DENIED.

DATED: 9/21/06

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3  Plaintiff *pro se*:

4  Charles Caston
P.O. Box 60501
5  Sunnyvale, CA 94288

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 06-4915 JF (HRL)
ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ETC.
(JFLC2)